**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT GENE ROSS,

      Plaintiff-Appellant,

v.

JOSE ROMERO; LT. RICHARD
HENDERSON,

      Defendants-Appellees.

No. 06-2039
(District of New Mexico)
(D.C. No. CIV-05-1086 BB/LFG)

**ORDER AND JUDGMENT***

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Proceeding *pro se* and *in forma pauperis*, state prisoner Robert Gene Ross

appeals the district court's dismissal of the civil rights complaint he brought

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pursuant to 42 U.S.C. § 1983. In his complaint, Ross alleged he was moved from one prison housing unit to another unit. In the process, some of Ross' property was lost. Ross asserted the loss of property violated his Fifth and Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment. As relief, Ross sought both damages and an order for an early release date from his prison term.

The district court began by recognizing Ross' damages claims differed significantly from his request for an early release date from prison and that the issues had to be addressed separately. As to the damages claims, the district court dismissed them with prejudice *sua sponte* pursuant to 28 U.S.C. § 1915 (e)(2) and Fed. R. Civ. P. 12(b)(6). As to Ross' due process claim, the district court noted the claim was based on an assertion that policies of the New Mexico Department of Corrections created a protected interest in the property removed from his cell and eventually lost. That such a right could flow from mandatory state prison regulations was, however, directly rejected in this court's decision in *Cosco v. Uphoff*, 195 F.3d 1221, 1223-24 (10th Cir. 1999). Because the regulations identified by Ross could not support a due process claim, the district court dismissed with prejudice. Ross' Eighth Amendment damages claim, on the other hand, was based on his asserted loss of legal papers which allegedly prevented him from collaterally attacking his conviction. In dismissing this claim, the district court noted that Ross had not demonstrated "relevant actual injury," as

-2-

required by *Lewis v. Casey*, 518 U.S. 343, 351 (1996), because he had previously filed a habeas corpus proceeding in federal court and currently had a collateral proceeding pending in state court.

Having disposed of Ross' claims for damages, the district court proceeded to Ross' request for a reduction in the term of his sentence. Concluding that such a claim was cognizable only in a habeas corpus proceeding, the district court dismissed the claim without prejudice. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Having considered Ross' voluminous appellate filings and having reviewed the district court's decision *de novo*, this court finds no trace of reversible error. Accordingly, we **AFFIRM** for substantially those reasons set out in the district court order dismissing Ross' complaint and the district court order denying reconsideration. In particular, this court notes, as did the district court, that Ross' focus on the language of the prison regulations, as opposed to the nature of the deprivation, is misplaced. *Sandin v. Connor*, 515 U.S. 472, 481-82 (1995). Ross' Motion to Include Evidence into Appellant/Petitioner's Opening Brief, containing materials not submitted to the district court, is hereby **DENIED**. Ross is

reminded that he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge